**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**
_____

| | |
|---|---|
| MARISSA BIBBS,<br>    Plaintiff, | CASE NO. 2:20-cv-04514-MAK |
| vs. | |
| TRANS UNION LLC,<br>    Defendant. | |

_____

**REPORT OF RULE 26(f)
MEETING**
_____

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on November 20, 2020, and submit the following report of their meeting for the Court's consideration:

Date of Rule 16 Conference: December 1, 2020    Time of Rule 16 Conference: 9:00 a.m.

**1.    Discussion of Claims, Defenses and Relevant Issues**

<u>**By Plaintiff:**</u>

There are primary issues of liability and damages in this case.

This case involves violations of the Fair Credit Reporting Act, 15 U.S.C.§1681 et seq. ("FCRA") by the Defendant. Plaintiff's position is that Trans Union violated their duty under 15 U.S.C. §1681i(a)(1)(A) to conduct a good faith investigation into Plaintiff's notice of dispute. Plaintiff requested Trans Union to reinvestigate the inaccurate reporting of their account via detailed and thorough dispute letter, which included a detailed, thorough account informing Trans Union of all relevant information regarding the inaccuracies of the account and provided Trans Union enough information to show that Plaintiff's account was being reported inaccurately.

Despite the account being fully satisfied on or about April 5, 2018 which brought it current with a $0 balance, TransUnion's credit report for Plaintiff, dated 09/16/2018 reported Plaintiff's Navient accounts with a "Pay Status: Account 120 Days Past Due Date".

Plaintiff's position is that it is impossible and incorrect for accounts that were fully satisfied and brought current with a "0" balance to continue to report late as of 09/16/2018. Further, not only are the Navient accounts at issue in this case false on the face of Plaintiff's Trans Union credit report, but this reporting is extremely misleading because of the fact that it makes it look like the Plaintiff is still late on the accounts at issue that were previously fully satisfied.

**By Defendant Trans Union, LLC:**

Plaintiff wrongly claims that consumer reporting agency Trans Union violated the Fair Credit Reporting Act by accurately reporting her Navient Student loan accounts as closed, with a zero dollar balance and with the past historical pay status of 120 days past due at the time the accounts were closed and transferred to another lender.

Plaintiff disputed the account with Trans Union in August 2018. Trans Union forwarded Plaintiff's dispute to the creditor and the creditor stated Plaintiff was wrong and that the accounts were reporting accurately.

Case law holds that accuracy is a complete defense to Plaintiff's FCRA claims. Navient confirmed, and Plaintiff does not dispute, that she was 120 days past due at the time the accounts were closed. Moreover, no reasonable creditor would be misled into believing, as Plaintiff alleges, that the accounts are reporting as <u>currently</u> 120 days

past due because the account is reporting as having been closed (and not updated by the furnisher) since 2018.

Even if Plaintiff could prove, which she cannot, that Trans Union's reporting was inaccurate, case law holds that Trans Union cannot be liable before Plaintiff disputed with Trans Union because Navient is a reliable furnisher of credit information and Plaintiff does not claim, as required, otherwise. Case law further holds that Trans Union cannot be liable after the dispute because Trans Union reinvestigated the account exactly as required by the FCRA. Trans Union properly relied on Navient, the only party with a direct relationship with Plaintiff, and thus in the best position to say whether or not the information it provided to Trans Union was accurate.

Finally, Plaintiff does not allege that Trans Union's reporting of the accounts with the historical pay status of 120 days past due at the time the accounts were closed caused any specific credit denials and, even if she did, Plaintiff has a poor credit history and will be unable to show that the reporting caused her any emotional distress or was the required "substantial factor" in any credit denials.

**2.** **Stipulated facts and insurance coverage and deductibles**[22]

a. Plaintiff is a "consumer" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*.

b. Trans Union is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*.

c. In August 2018, Trans Union received correspondence dated July 13, 2018 from attorney Jonathan Raburn disputing 6 Navient student loans on Plaintiff's behalf.

d. On September 16, 2018, Trans Union mailed its Investigation Results to Plaintiff.

<u>By Defendant Trans Union, LLC:</u> Trans Union's applicable insurance carrier is Underwriters at Lloyd's, London. Based on Plaintiff's claims it appears likely that any judgment against Trans Union would be subject to Trans Union's self-insured retention category.

3. **Informal Disclosures**

Trans Union served its Initial Disclosures on November 25, 2020.

Plaintiff will serve its Initial Disclosures on November 30, 2020.

4. **Formal Discovery**

The parties request 90 days for discovery. Written discovery has not started. To that end, the Plaintiff will serve requests for admissions, interrogatories and request for production of documents on the Defendants on or before December 1, 2020. Trans Union will serve interrogatories, request for production of documents, and requests for admission on the Plaintiff by November 25, 2020.

The Plaintiff anticipates taking depositions on each defendant, 30(b)(6) witnesses, experts, any and all fact witnesses relevant to plaintiff prosecuting her case, and third-party depositions regarding both liability and damages. Because discovery has not started, it cannot be determined how many depositions will be needed at this point.

Trans Union reserves all rights to object to the relevance, overbreadth, or undue burden of Plaintiff's identified discovery topics. At this stage of the case, Trans Union anticipates conducting discovery and depositions on many of the topics identified by Plaintiff, including but not limited to Plaintiff's credit history, Plaintiff's communications with creditors and Plaintiff's claimed damages.

The parties propose that the discovery deadline should be **03/01/2021**.

5. **Electronic Discovery**

   The parties do not anticipate that electronic discovery will be an issue in this case. The parties have agreed to produce any electronically stored information in hard copy or in .pdf format as an initial matter. Once the parties have had the opportunity to review such documents, the parties agree, if necessary, to confer among themselves regarding any additional exchange or production that the parties believe is necessary.

6. **Expert Witness Disclosures**

   The parties agree to identify experts within the discovery deadline. Plaintiff will file designation of her expert report on or before <u>01/01/2021</u> and will serve the expert report to all defendants on or before <u>01/01/2021</u>. Plaintiff anticipates designating Evan Hendricks but reserves the right to designate other experts as needed. At this time, Trans Union does not anticipate the use of an expert, but reserve their rights to do so, including by way of rebuttal. Defendant will agree to file its designation of experts on or before 02/01/20 and will serve their expert report to Plaintiff on or before 02/01/20.

7. **Settlement or Resolution**

   To date there has been no discussion as to the possibility of early settlement or resolution. The parties request further discovery prior to engaging in further settlement discussions including an attempt to resolve by ADR. At this juncture, the parties agree to a settlement conference at the close of discovery. The parties will advise Your Honor if an earlier settlement conference may be beneficial during the discovery period of this case.

**8.     Trial date**

      Should this case proceed to trial, the parties will be ready for trial to be determined following the adjudication of dispositive motions.

**9.     Length of Trial**

The parties believe that trial will last 2-3 days.

**10.    Referral to Magistrate Judge**

The parties do not unanimously consent to a referral of this case to U.S. Magistrate Judge Heffley for trial.

**11.    Other Matters**

None at this time.

Dated: November 30, 2020

                                Respectfully submitted,

                                */s/Gary Schafkopf*
                                **GARY SCHAFKOPF**
                                HOPKINS SCHAFKOPF, LLC
                                11 BALA AVE.
                                BALA CYNWYD, PA 19004
                                t: 610-664-5200
                                gschafkopf@gmail.com
                                ***Attorney for Plaintiff***

                                */s/ Matthew B. Weisberg*
                                **MATTHEW B. WEISBERG**
                                WEISBERG LAW PC
                                7 SOUTH MORTON AVE
                                MORTON, PA 19070
                                t: 610-690-0801
                                f: 610-690-0880
                                mweisberg@weisberglawoffices.com

*/s/ Dennis McCarty*
**DENNIS MCCARTY**
Mississippi Bar No. 102733
Supreme Court of the United States Bar No. 302174
Federal Bar No. 993800
2931 Ridge Rd.
Suite 101 #504
Rockwall, TX 75032
Telephone: 817-704-3375
Fax (817) 887-5069
dennismccartylaw@gmail.com
*Attorneys for Plaintiff*

*/s/Nicholas C. Naum*
**NICHOLAS NAUM, ESQ.**
Schuckit & Associates, P.C. 4545
Northwestern Drive Zionsville, IN
46077
(Tel) 317-363-2400
(Fax) 317-363-2257
nnaum@schuckitlaw.com
***Attorney for Defendant Trans Union, LLC***

*/s/Casey Green (with consent)*
**CASEY GREEN, ESQ.**
Sidkoff, Pincus & Green, P.C. 1101
Market Street
2700 Aramark Tower
Philadelphia, PA 19107
215-574-0600
cg@sidkoffpincusgreen.com
***Attorney for Defendant Trans Union, LLC***

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **30th day of November, 2020**. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing.

| Gary Schafkopf, Esq. <br> gschafkopf@gmail.com | Matthew B. Weisberg, Esq. <br> mweisberg@weisberglawoffices.com |
|---|---|
| Dennis D. McCarty, Esq. <br> dennismccartylaw@gmail.com | |

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **30th day of November, 2020** properly addressed as follows:

| None. | |
|---|---|

*s/ Nicholas C. Naum*
Nicholas C. Naum, Esq. (IN 36194-49)
 (admitted *Pro Hac Vice*)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  (317) 363-2400
Fax:  (317) 363-2257
E-Mail:  nnaum@schuckitlaw.com

*Counsel for Defendant Trans Union, LLC*