# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

---

MARISSA BIBBS,
      Plaintiff,

vs.

TRANS UNION LLC,
      Defendant.

CASE NO. 2:20-cv-04514-MAK

---

## TRANS UNION, LLC'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES

---

Trans Union, LLC ("Trans Union"), by counsel, responds to Plaintiff's Complaint (the "Complaint") as follows. For the Court's convenience, Plaintiff's allegations are set forth verbatim with Trans Union's responses immediately following.

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs, and attorney's fees pursuant to 15 U.S.C. §1681 et seq. (Federal Fair Credit Reporting Act).

**ANSWER:** Trans Union denies that it violated the FCRA (or any other law). Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is conferred by 15 U.S.C. §1681(p) and 28 U.S.C. §1331.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

3.    Venue in this District is appropriate under 28 U.S.C. § 1391(b)(1) because Defendant in this matter resides in the state of Pennsylvania as defined under 28 U.S.C. §1391(c)(2) based upon information and belief.

**ANSWER:**    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## PARTIES

4.    Plaintiff is a natural person and is a citizen of the United States of America.    Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

**ANSWER:**    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5). Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

5.    Defendant, Trans Union, LLC, (hereinafter Trans Union) is a For-Profit Limited Liability Company registered to do business in Pennsylvania and with a registered agent in Pennsylvania.    Defendant is a "consumer reporting agency," as defined by 15 U.S.C. § 1681a(f) and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681a(d) to third parties.    Based on information and belief, Trans Union's main corporate office is held in Philadelphia, Pennsylvania.

**ANSWER:**    Trans Union admits that it is a Delaware limited liability company with its principal place of business in Chicago, Illinois.    Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et*

*seq.* Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates by reference all the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER:** Trans Union reasserts its answers and responses set forth herein.

7. Plaintiff's Navient accounts # ****9020, ****0918, ****0109 were fully satisfied on or about April 5, 2018 which brought it current with a $0 balance.

**ANSWER:** Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

8. TransUnion's report dated 09/16/2018 reported Plaintiff's Navient accounts with a "Pay Status: Account 120 Days Past Due Date".

**ANSWER:** Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

9. Although Plaintiff's accounts were fully satisfied, Plaintiff's Trans Union report dated 09/16/2018 reported the "Pay Status: Account 120 Days Past Due Date". It is impossible and incorrect for accounts that were fully satisfied which brought it current with a "0" balance as of to still be reporting as late as of 09/16/2018. Not only are the Navient accounts false on the face of the credit report but this reporting is extremely misleading because it makes it look like the Plaintiff is still late on these accounts that was previously fully satisfied.

**ANSWER:** Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which

has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5). Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

10. As required by the Fair Credit Reporting Act, Plaintiff mailed a detailed and thorough dispute letter to Trans Union, dated 07/13/2018 (Please see Exhibit A). As a result of Plaintiff's dispute, Navient verified the accounts as accurate and instructed Trans Union to continue to report the inaccurate credit information (Please see Exhibit B). Trans Union continued to report the inaccurate credit information at the instructions of Navient. Plaintiff's latest Trans Union credit report dated 09/16/2019 is currently reporting the same inaccurate information that was disputed on 07/13/2018.

**ANSWER:** Trans Union states that the document identified as "Exhibit A" and "Exhibit B" speak for themselves. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

11. Trans Union did not follow reasonable procedures to assure maximum possible accuracy and has been reporting false and inaccurate information even after it knew or should have known the information was incorrect.

**ANSWER:** Trans Union denies the allegations contained in this paragraph.

12. Navient did not provide a good faith investigation into the disputed accounts of Plaintiff.

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

13. Trans Union did not provide a good faith investigation into the disputed Navient accounts.

**ANSWER:** Trans Union denies the allegations contained in this paragraph.

14. The Navient accounts are not only inaccurate, but it is also misleading, which the Fifth Circuit has addressed. The Fifth Circuit has ruled that a credit report is inaccurate on its face if it is so misleading that it leads to adverse credit decisions, *please see Sepulvado vs. CSC Credit Services,* 158 F.3d 890, 895 (5th Cir. 1988) (a consumer report is inaccurate if it is "misleading in such a way and to such an extent that it may be expected to adversely effect [sic] credit decisions").

**ANSWER:** Trans Union states that the cited case speaks for itself. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

15. Trans Union has a statutory duty to have reasonable procedures to assure maximum accuracy. Their procedures regarding this reporting are not assuring accuracy, much less maximum accuracy.

**ANSWER:** Trans Union denies the allegation in this paragraph that its "procedures regarding this reporting are not assuring accuracy, much less maximum accuracy." Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

16. The reporting of this credit information on Plaintiff's credit report negatively reflects upon the Plaintiff, their credit repayment history, their financial responsibility as a debtor and their credit worthiness. This information was furnished by Navient and reported by Trans Union,

misrepresenting the payment rating and/or status of Plaintiff's accounts, and is currently being reported and reflected upon Plaintiff's credit report, resulting in lowering Plaintiff's credit score and furthering and increasing Plaintiff's damages.

**ANSWER:** Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5). Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

17. Plaintiff's credit reports, credit information and file formulated by Trans Union have been viewed by current and potential credit grantors and extenders of credit, as indicated by inquiries on each of their credit reports. The inaccurate information furnished by Navient and reported by Trans Union is continuing to damage the Plaintiff's credit rating as well as their credit reputation.

**ANSWER:** Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5). Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

18. As a result of the Defendant, Trans Union's conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, all to Plaintiff's great detriment and loss.

**ANSWER:** Trans Union denies the allegations contained in this paragraph.

19.   As a result of Defendant's conduct, Plaintiff has suffered actual damages all to Plaintiff's great detriment and loss.

**ANSWER:**   Trans Union denies the allegations contained in this paragraph.

20.   At all times pertinent hereto, Defendant was acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

21.   At all times pertinent hereto, the conduct of the Defendant, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

**ANSWER:**   Trans Union denies the allegations contained in this paragraph.

## CAUSES OF ACTION

22.   Plaintiff incorporates by reference the foregoing paragraphs and footnotes as though the same were set forth at length herein.

**ANSWER:**   Trans Union reasserts its answers and responses set forth herein.

23.   This suit is based upon the Defendant's violations of the Fair Credit Reporting Act. All causes of action were the producing causes of damages which Plaintiff has suffered.

**ANSWER:**   Trans Union denies that it violated the FCRA (or any other law). Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

## COUNT I—VIOLATION OF THE FAIR REPORTING ACT

24.     Plaintiff incorporates by reference the foregoing paragraphs and as though the same were set forth at length herein.

**ANSWER:**   Trans Union reasserts its answers and responses set forth herein.

25.     This suit is brought against the Defendant as the damages made the basis of this suit were caused by their violations of the FCRA.   In all instances of violating the FCRA, Defendant did so willfully and/or negligently.   Under 15 U.S.C. §1681n and §1681o, the Plaintiff is entitled to recover actual damages, punitive damages, and reasonable attorneys' fees.

15 U.S.C. §1681n, "Civil Liability for willful noncompliance" reads:

> (a) Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of

> (1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1000

> (2) such amount of punitive damages as the court may allow; and

> (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorneys fees as determined by the court.

And, 15 U.S.C. §1681o, "Civil Liability for negligent noncompliance" reads:

> (a) Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of:

> (1) any actual damages sustained by the consumer as a result of the failure; and

> (2) in the case of any successful action to enforce any liability under this section, the costs of the action with reasonable attorney's fees as determined by the court.

**ANSWER:** Trans Union states that 15 U.S.C. §§ 1681n, 1681o speak for themselves. Trans Union denies the remaining allegations of this paragraph.

### *TransUnion's FCRA Violations*

26. Trans Union violated their duty under 15 U.S.C. § 1681i(a)(l)(A) to conduct a good faith investigation into Plaintiff's notice of dispute. Plaintiff requested Trans Union to reinvestigate the inaccurate reporting of their account via detailed and thorough dispute letter.

**ANSWER:** Trans Union denies the allegations contained in this paragraph.

27. The dispute was detailed, thorough and informed Trans Union of all the relevant information regarding the inaccuracies of the account and provided enough information to show the account was being reported inaccurately.

**ANSWER:** Trans Union denies the allegations contained in this paragraph.

28. Trans Union did not conduct a good faith and reasonable investigation into Plaintiff's dispute.

**ANSWER:** Trans Union denies the allegations contained in this paragraph.

29. This account was fully satisfied, and Trans Union is currently reporting Plaintiff's account with a "$0" balance but currently past due. It is impossible for Plaintiff to make "$0" payments to bring the account current. With this type of reporting, Plaintiff will never be able to bring the account current.

**ANSWER:** Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the

effect of a denial under Rule 8(b)(5). Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

31. [sic] Trans Union was notified and made aware of the specific issues from the dispute letter. It should have been easy for Trans Union to determine that the account was extremely inaccurate with the information that was provided.

**ANSWER:** Trans Union denies the allegations contained in this paragraph.

32. [sic] The fact that Trans Union is currently reporting inaccurate information on Plaintiff's credit profiles/credit reports to the best of Plaintiff's information and belief, which are viewable and have been viewed by third parties, is proof that Trans Union did not conduct a reasonable investigation. If Trans Union would have properly investigated the issues, they would have determined that the accounts were paid off, with a "$0" balance and still reporting as if Plaintiff is currently late and past due. If Trans Union had conducted this proper investigation they would have corrected or deleted the Plaintiff's accounts that are inaccurate and misleading.

The section entitled "Procedure in case of disputed accuracy" under 15 U.S.C. § 1681i(a)(l)(a) reads:

> (a) Reinvestigations in case disputed information
>
> (1) Reinvestigation required
>
> (A) In general- Subject to subjection (f), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30 day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

And:

15 U.S.C. § 1681i(a)(5) reads:

> (5) Treatment of Inaccurate or Unverifiable Information
>
> *(A) In general.* If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall-
>
> > (i) promptly delete that item of i nformation from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and
> >
> > (ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer

**ANSWER:** Trans Union states that 15 U.S.C. §§ 1681i(1)(a), 1681i(a)(5) speak for themselves. Trans Union denies the allegations contained in this paragraph.

33. [sic] Trans Union is currently violating 15 U.S.C. §1681e(b), by not following reasonable procedures to assure maximum possible accuracy.

**ANSWER:** Trans Union denies the allegations contained in this paragraph.

34. [sic] Plaintiff's accounts were fully satisfied, but Trans Union continued to report the accounts with a late/past due status. If Trans Union had reasonable procedures, they would not allow an account to report as though the account is currently past due, with a "$0" balance, after the account was paid off and brought current. Trans Union should be reporting the account as "current" and not "past due." These accounts are reporting as though the Plaintiff is currently past due each month. With this type of reporting, Plaintiff will never be able to make their account current. Trans Union lacks the procedures to avoid such faulty reporting. Trans Union knows that these accounts was paid, however, they continue to report a current status as past due.

15 U.S.C. §1681e(b) reads as follows:

(a) Accuracy of the Report

> Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures as assure maximum possible Accuracy of the information concerning the individual about whom the report relates.

**ANSWER:**   Trans Union states that 15 U.S.C. § 1681e(b) speaks for itself.   Trans Union denies the remaining allegations contained in this paragraph.

35. [sic] Trans Union has been on notice that reporting an account with a $0 balance and a late status is not accurate.   Trans Union was a co-defendant in *Macik v. JPMorgan Chase Bank, N. A., et al.,* U.S. District Court for the Southern District of Texas, Galveston Division (Case 3:14-cv-44).   Plaintiff's Counsel filed suit against Transunion, Equifax and JPMorgan Chase bank in Galveston, Texas, alleging that they were reporting her pay status as 90 days past due, with a zero ($) balance, even though the account was paid off five years earlier.   Macik lost a home loan because the program that is used in determining eligibility specifically stated that her Chase account was late two or more times in the last twelve months, even though the loan it was referring to was paid in full five (5) years earlier.

**ANSWER:**   Trans Union states that *Macik v. JPMorgan Chase Bank, N. A., et al.*, U.S. District Court for the Southern District of Texas, Galveston Division (Case 3:14-cv-44) speaks for itself. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

36. [sic] The Macik jury determined that reporting an account with a $0 balance, and a current late pay status, is not only inaccurate, but a willful violation of the FCRA.   Trans Union knows this because they were a co-defendant and had counsel present when the jury verdict was rendered as well as receiving an ECF copy of the ruling.

**ANSWER:** Trans Union states that *Macik v. JPMorgan Chase Bank, N. A., et al.*, U.S. District Court for the Southern District of Texas, Galveston Division (Case 3:14-cv-44) speaks for itself. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

### *Third Parties have viewed Plaintiff's Trans Union's Credit Report*

37. [sic] The negative tradeline(s) reported by Navient on Plaintiff's Trans Union Credit report have been viewed by third parties all to the detriment and loss of the Plaintiff.

**ANSWER:** Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

38. [sic] Plaintiff has suffered actual harm due to Trans Union still reporting the negative tradeline provided by Navient on Plaintiff's Trans Union report even though Trans Union was put on notice of the inaccurate negative reporting through Plaintiff's dispute letter.

**ANSWER:** Trans Union denies the allegations contained in this paragraph.

39. [sic] The conduct of the Defendant was the direct and proximate cause, as well as, a substantial factor in bringing about the serious injuries, damages and harm to Plaintiff that are outlined above and, as a result, Defendant is liable to compensate Plaintiff for the full amount of actual, statutory, compensatory and punitive damages, as well as, such other relief, permitted by law.

**ANSWER:** Trans Union denies the allegations contained in this paragraph.

## DEMAND FOR JURY TRIAL

40. [sic] Plaintiff demands trial by jury.

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant based on the following requested relief:

a. Actual damages pursuant to 15 U.S.C. §1681;

b. Statutory damages pursuant to 15 U.S.C. § 1681;

c. Punitive damages pursuant to 15 U.S.C. §1681;

d. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n, §1681o; and

e. Such other and further relief as may be necessary, just and proper.

**ANSWER:** Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim against Trans Union upon which relief may be granted.

2. Trans Union's reports concerning Plaintiff were true or substantially true.

3. Trans Union has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.

4. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

5. Plaintiff has failed to take reasonable steps to mitigate his damages, if any.

6. Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

WHEREFORE, Defendant Trans Union, LLC, by counsel, denies that Plaintiff is entitled to judgment or to any of the relief sought, and respectfully requests that judgment be entered in its favor and against Plaintiff on all counts set forth in the Complaint, and that Trans Union, LLC, be awarded its costs incurred in defending this action, along with such other relief as this Court deems equitable and just.

Date:   November 30, 2020                     Respectfully submitted,


s/ Nicholas C. Naum
Nicholas C. Naum, Esq. (IN 36194-49)
  (admitted *Pro Hac Vice*)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN   46077
Telephone:   (317) 363-2400
Fax:   (317) 363-2257
E-Mail:   nnaum@schuckitlaw.com

*Lead Counsel for Defendant Trans Union, LLC*

s/ Casey B. Green (w/ consent)
Casey B. Green, Esq.
Sidkoff, Pincus & Green, P.C.
1101 Market Street, Suite 2700
Philadelphia, PA   19107
Telephone:   (215) 574-0600
Fax:   (215) 574-0310
E-Mail:   cg@sidkoffpincusgreen.com

*Local Counsel for Defendant Trans Union, LLC*

<b><u>CERTIFICATE OF SERVICE</u></b>

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **30th day of November, 2020**.   Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.   Parties may access this filing through the Court's electronic filing.

| | |
|---|---|
| Gary Schafkopf, Esq. <br> gschafkopf@gmail.com | Matthew B. Weisberg, Esq. <br> mweisberg@weisberglawoffices.com |
| Dennis D. McCarty, Esq. <br> dennismccartylaw@gmail.com | |

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **30th day of November, 2020** properly addressed as follows:

| | |
|---|---|
| None. | |

*s/ Nicholas C. Naum*
Nicholas C. Naum, Esq. (IN 36194-49)
 (admitted *Pro Hac Vice*)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN   46077
Telephone:   (317) 363-2400
Fax:   (317) 363-2257
E-Mail:   nnaum@schuckitlaw.com

*Counsel for Defendant Trans Union, LLC*